## Bartley *versus* Williams.

1. Ordinarily trover or replevin will not lie by one partner against another for goods; the conversion must be followed by an action for account.

2. Partners under seal agreed to dissolve and one to take all the assets, pay the debts and divide the surplus, each agreeing with the other to make up any deficiency. Trover would lie by the liquidating partner against the other for refusal to deliver the goods.

3. Oral testimony is always for the jury when, what is its effect is the question.

4. When a point is put on oral testimony it must always state the evidence hypothetically, leaving the jury to determine what the fact is and to apply the instruction of the court.

October 31st 1870.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county:* No. 18, to October and November Term 1869.

This was an action of trover commenced, January 31st 1868, by William D. Williams against Reuben Bartley.

The plaintiff and defendant and one John M. Addy had been partners in the plumbing business, having one of their shops in Manchester, Allegheny county.   On the 31st of July 1867, the partners entered into an agreement under seal, dissolving their partnership, and "mutually agreed that William D. Williams do take, and is hereby authorized to take, all the assets of the said Addy, Williams & Bartley and liquidate the debts of said firm, so far as the assets will go, and it is also agreed that the said William D. Williams, only, have power to collect all debts due the said firm, &c.; and, finally, the said William D. Williams agrees to pay over to the said John M. Addy and R. Bartley, or their legal representatives, their full share and profits which shall appear to be due them after all liabilities of said firm are satisfied. And the said John M. Addy, William D. Williams and R. Bartley

do hereby agree to make good their several shares of any deficiencies which may accrue to the business of said firm, not at present known."

The action was brought to recover damages for the defendant's refusal to deliver the goods of the firm to the plaintiff.

W. B. Neal, for the plaintiff, testified that in August 1867, the plaintiff came to the Manchester shop and demanded from the defendant the stock and articles of the firm, and that the defendant refused to give him anything belonging to the firm in that shop. Plaintiff said, by virtue of the agreement, he demanded everything in defendant's possession belonging to the firm; the lease of the premises was not mentioned; witness's impression was that the building was included in the demand. The plaintiff gave other evidence bearing on the question of demand.

The defendant called Jacob Rush, who testified that when plaintiff made the demand, the defendant said he was willing to give up the goods but not the lease. David Irwin testified that when the plaintiff said he had come to demand charge of the assets, stock and shop of the firm, defendant said he could take away the stock, the shop he, defendant, would keep.

The defendant's points were :—

1. This action being brought by one partner against his co-partner for partnership assets alleged to have been converted by the latter, the plaintiff cannot recover, notwithstanding the agreement of dissolution offered in evidence.

2. The evidence of Mr. Neal offered to prove demand and refusal is not sufficient to establish a conversion so as to enable the plaintiff to maintain this action.

3. If the jury believe the testimony of witnesses Rush and Irwin, there was no such refusal to deliver the property in controversy as would, in law, amount to a conversion.

4. If the court should refuse to charge as requested above, then they are asked to charge that no recovery can be had in this case for any of the stock remaining on hand after this action was brought.

The court (Hampton, P. J.) answered:—

" 1. The court decline to charge as requested in this point, and instruct the jury that so far as this question is concerned, the plaintiff is entitled to recover.

" 2 and 3. The jury will take into consideration all the evidence in the cause bearing on the question of a demand and refusal, and if they are satisfied that a demand was made by the plaintiff on the defendant for all the assets or personal property belonging to the late firm in his possession, and that the same was not delivered up to him according to the terms of the agreement of dissolution, but was retained and sold, or

in any other way converted to his own use, or kept in his own possession, then the plaintiff is entitled to recover the value of such property, with interest thereon, together with such damages, if any, as he may have sustained by the wrongful act of the defendant.

" 4. The court decline to charge as requested in this point."

The verdict was for the plaintiff for $433.76.

The defendant took out a writ of error, and assigned for error the answers to his points.

*T. C. Lazear* (with whom was *J. Hopkins*), for plaintiff in error.—One partner cannot maintain trover against another: Parsons on Part'p 390; Rank *v.* Rank, 5 Barr 211; 2 Greenlf. Ev. § 646. A refusal on a demand, including more than that to which there was a right, was not a conversion: 2 Greenlf. Ev. § 645; 1 Chitty's Pl. 182.

*J. Barton*, for defendant in error.

The opinion of the court was delivered, January 3d 1871, by

Agnew, J.—It may be conceded that ordinarily in the case of a partnership trover or replevin will not lie by one partner against another for the possession of goods; but that a conversion must be followed by an action for an account. But such is not this case. Here we have a mutual agreement of dissolution between the partners, under seal, and therefore importing a consideration, in which they agree or covenant with each other that all the assets of the firm shall be taken by Williams, who shall liquidate the debts of the firm so far as the assets will go; that he *only* shall recover the debts due to the firm, and finally shall pay over to Addy and Bartley, their shares of the profits if any, they agreeing to make good their shares of the deficiency if any. The covenants here are mutual and in consideration of each other, and are, therefore, more than the mere constitution of an agency. The instrument confers rights, as well as powers, and is not revocable. The action of trover can well be maintained: Kahle *v.* Sneed, 9 P. F. Smith 389; Corbett *v.* Lewis, 3 P. F. Smith 330.

There was no error in the answers given to the 2d, 3d and 4th points. It should never be forgotten that oral testimony is always for the jury, and not for the court, when what it is, or what is its effect, is the question for determination. The notes of counsel or of court are not the testimony of the witness. When he has spoken, the words die with his utterance, and leave their legal impress only on the memories of the jurors. Therefore, when the counsel asked the court to charge that the testimony of Neal proved no demand sufficient to establish a conversion, and that the testimony of Rush

and Irwin proved no such refusal as amounted to a conversion, they asked the court to determine what their testimony was, as well as its effect.    This it was not competent for the court to do without usurping the province of the jury.    Where a point is put to the court upon oral testimony, it must always state the evidence hypothetically, leaving it to the jury to determine what the fact is, and then to apply to it the instruction of the court as given upon the supposed state of the fact.    It would have been easy to have asked the court to say that if the jury believed, from the testimony, that the refusal of Bartley to deliver the articles demanded by Williams was qualified in a certain way, the refusal would not be sufficient evidence of a conversion.    As it was, the court properly answered the points by leaving it to the jury to find, on all the evidence, whether a demand was made for all the assets or personal property of the firm in Bartley's possession, and the same was not delivered up by him according to the terms of the agreement, but was retained and sold, or otherwise converted to his use.    Finding no error in the record, the judgment is affirmed.